IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| PARRISH FARMER | § | |
| VS. | § | CIVIL ACTION NO. 9:17cv24 |
| THOMAS MACIEL | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING
### THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Parrish Farmer, an inmate at the Eastham Unit, proceeding *pro se* and *in forma pauperis*, brought the above-styled lawsuit against Thomas Maciel.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed as frivolous based on the complaint being barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes plaintiff's objections are without merit.

As the magistrate judge stated, the relevant statute of the forum state furnishes the limitations period, but federal law determines the date the accrual commences. *Owens v. Okure*, 488 U.S. 235 (1989). The statute of limitations in Texas for section 1983 actions is two years. *Burrell v. Newsome*, 883 F.2d 416, 419 (5th Cir. 1989); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir.

1990). Accrual begins "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Burrell*, 883 F.2d at 418. The plaintiff does not need to know that he has a legal cause of action, he only needs to know the facts that would support a legal claim. *Peotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

Plaintiff claims the defendant acted improperly in denying his blood-thinning medication, Warfarin. Plaintiff contends the defendant, a registered nurse, forged plaintiff's initials on a "DOT Flowsheet"[1] on April 29, 2011. Plaintiff claims he did not discover this fact until after he received copies of his medical records on February 5, 2015.

However, attached to his complaint, plaintiff provided an inmate request to official form (I-60) received by the medical department on October 26, 2011. In the request, plaintiff complained to Dr. Smith that the defendant had improperly discontinued his blood thinner. *See* Plaintiff's Complaint at 52. Defendant Maciel responded to plaintiff's request to Dr. Smith and confirmed that plaintiff's medication had been stopped due to non-compliance. That plaintiff only learned of an alleged forgery by the defendant on April 29, 2011 when reviewing his medical records in 2015 does not change his awareness as early as October 26, 2011 that the defendant had allegedly improperly stopped his medication. As the complaint was not filed until February 16, 2017, more than five years later, plaintiff's claims are barred by the applicable statute of limitations.

Additionally, plaintiff has stated no harm he suffered as the result of the defendant allegedly forging plaintiff's initials on a form indicating plaintiff had taken his Warfarin on that date. At most, this alleged malfeasance by the defendant resulted in the denial of one dose of medication

---

[1] Plaintiff states "DOT" means Direct Observation Therapy.

for which plaintiff has alleged no resulting harm. A delay in medical care can constitute an Eighth Amendment violation only "if there has been deliberate indifference, which results in substantial harm." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Mendoza v. Lynaugh,* 989 F. 2d 191, 195 (5th Cir. 1993)). Accordingly, plaintiff's claim is frivolous and fails to state a claim upon which relief may be granted.

Further, the complaint is absent any allegations that exceptional circumstances existed such as to potentially warrant the application of equitable tolling. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (citation and internal quotation marks omitted). Here, however, plaintiff did not diligently pursue his claims in this case. Plaintiff has failed to show that he was prevented in some extraordinary way from filing his complaint within the statutory limitations period. Further, plaintiff's *pro se* status does not excuse an untimely filing. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993). Plaintiff has failed to explain the four year delay in obtaining his medical records. Moreover, plaintiff has failed to explain the additional delay of another two years from the alleged time of discovery until filing this complaint. Accordingly, plaintiff is not entitled to equitable tolling. As a result, the complaint is barred by the statute of limitations.

O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is

**ADOPTED**.  A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **1**   day of **March, 2018.**

_____
Ron Clark, United States District Judge